FILED IN CHAMBERS
U.S.D.C. Rome

JUN 05 2007

JAMES N. HATTEN, Clerk
By: _____
                    Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CARLOS GOMES OLIVEIRA and
CARLOS GOMES MORAES,

        Plaintiffs,

    v.

BRIDGESTONE AMERICAS HOLDING,
INC.; BRIDGESTONE / FIRESTONE
NORTH AMERICAN TIRE, LLC,

        Defendants.

CIVIL ACTION

NO. 1:06-CV-1280-RLV

O R D E R

This is an action arising out of injuries caused to the plaintiffs when the automobile in which they were riding lost control and rolled over. Pending before the court are the defendants' Motion to Exclude the Testimony of Jon M. Crate [Doc. No. 47], Motion for Summary Judgment [Doc. No. 48], and Motion to Strike Plaintiffs' Exhibit [Doc. No. 63]. For the foregoing reasons, the defendants' motions are GRANTED.

**BACKGROUND FACTS**

On August 2, 2004, the plaintiffs and another passenger were traveling west on I-20 in a 1998 Isuzu Rodeo to attend an automobile auction in Birmingham, Alabama. Carlos Oliveira was driving the vehicle while his father, Carlos Moraes, was riding in the rear passenger seat. A family friend, Eduardo Tabaczenski, was in the front passenger seat.

While traveling in the far left lane, the occupants heard a noise from the right side of the vehicle. Within moments, the

vehicle suddenly swerved to the right and Carlos Oliviera lost control.  The vehicle rolled over multiple times and eventually came to rest on the opposite side of I-20.  As the vehicle rolled over, Oliveira and Moraes were both ejected from their vehicle and suffered extensive injuries.

At some point in the sequence of events following the noise that emanated from the right side of the vehicle, the right rear tire suffered a blowout, possibly resulting from a tread/belt separation. Also during this time the right front wheel assembly separated from the vehicle.  The parties dispute the precise sequence of events, however, and point to one or the other as the sole cause of the accident.  The plaintiffs allege that the blowout is what caused their vehicle to lose control and rollover, and that the right front wheel assembly detached while the vehicle tumbled. The defendants assert the exact opposite, arguing that the right front wheel assembly detached first, causing the vehicle to swerve and lose control, and that the right rear tire suffered a blowout during the rollover.  Thus, it is undisputed that the right front wheel assembly came off and that the right rear tire had a blowout. The only point of contention is which event occurred first, causing the accident.

**ANALYSIS**

The plaintiffs allege that the right rear tire suffered a blowout due to a defect in the tire, which caused the accident and

resulted in serious injury. Accordingly, they assert four counts against the manufacturers of that tire, Bridgestone Americas Holding, Inc. and Bridgestone/Firestone North American Tire, LLC ("Bridgestone"): (1) strict liability, (2) negligence, (3) misrepresentation, and (4) breach of warranty.

Significantly, there is a difference between proof of a defect and proof that the defect proximately caused an injury, yet both are required for the plaintiffs to be successful. To prove that the defendants are liable, the plaintiffs must prove two things: (1) a defect existed, and (2) the defect caused the plaintiffs' injuries. See Rink v. Cheminova, 400 F.3d 1286, 1294-95 (11th Cir. 2005). These two separate elements, blowout causation and rollover causation, are the crux of each of the plaintiffs' claims.

In an effort to adduce evidence in support of their claim that the blowout was caused by a tire defect, the plaintiffs have proffered an expert witness, Jon M. Crate. His opinion is the sole evidence proffered by the plaintiffs in support of showing blowout causation. The defendants have filed a motion pursuant to Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579 (1993), to exclude Crate as an expert witness, and they have filed a motion for summary judgment. This court first addresses the defendants' Daubert motion and then, while viewing the facts and drawing all reasonable inferences in favor of the plaintiffs, addresses the motion for

summary judgment.  <u>McCorvey v. Baxter Healthcare Corp.</u>, 298 F.3d 1253, 1257 (11th Cir. 2002)

### <u>MOTION TO EXCLUDE TESTIMONY OF JON M. CRATE</u>

The defendants move this court to exclude the testimony of the plaintiffs' liability expert, Jon M. Crate.  The plaintiffs have proffered Crate as an expert witness to testify on the cause of the tire blowout, which in turn allegedly caused the plaintiffs' vehicle to rollover.  The blowout, according to Crate, was caused by tread separation due to a defect in the tire.  The defendants assert that Crate is not qualified as an expert witness under the <u>Daubert</u> standard and, consequently, must be excluded from testifying.

An objection to the opposing party's use of an expert's testimony is made pursuant to Rule 702 of the Federal Rules of Evidence and Local Rule 26.2(C), and <u>Daubert</u>.  In considering a <u>Daubert</u> motion, this court determines the admissibility of expert witness testimony under Rule 702 according to a three-part inquiry: (1) whether the witness is qualified as an expert, (2) whether that witness's conclusions are sufficiently reliable, and (3) whether the witness's testimony is helpful to the trier of fact.  <u>United States v. Frazier</u>, 387 F.3d 1244, 1260 (11th Cir. 2004).  The caselaw interpreting <u>Daubert</u> and its progeny make clear that each prong of this "gatekeeping" inquiry is an independent requirement that must be satisfied before allowing expert witness testimony.

First, a witness may be qualified as an "expert" under Rule 702 based on either the witness's "knowledge, skill, experience, training, or education."  Notably, this is a distinction separate from the inquiries into whether the proposed testimony is reliable or helpful to a jury.  When qualifying a witness as an expert, the court merely looks at whether the witness's opinion testimony about a fact at issue is based on his or her expertise derived from some specialized experience beyond that of the average juror.  Kuhmo Tire Co. v. Carmichael, 526 U.S. 137, 148-50 (1999).

The essence of Crate's testimony will be "that the poor adhesion between the steel belt cords and the rubber in the subject tire[] caused the tread separation."  [Pls.' Mem. in Opp'n to Defs.' Daubert Mot. to Exclude Test. of Jon M. Crate, Doc. No. 57, 5.]  The defendants assert that although Crate has a general background in polymer chemistry, materials failure, and metallurgy, he is not qualified to render expert testimony about tire failure and tread separation since he has no special education or experience in that particular field.  For their part, the plaintiffs assert that no specialized education or training is necessary in light of the fact that Crate has a Master of Science degree in polymers, the scientific discipline concerned with the bonding of materials, as well as experience testifying about tire failure and independently conducting tire analysis.

In sum, Crate appears to be qualified to render an opinion about the bonding of certain materials and other material analysis. He has a Master of Science in Polymers and a Bachelor of Science degree in Chemistry.  Although he is not a licensed professional engineer, Crate apparently does have special training and experience in analyzing the adhesion of materials.  However, the plaintiffs' argument, and Crate's resume, glosses over a key requirement: that Crate have sufficient "knowledge, skill, experience, training, or education" to render an expert opinion as to the cause of the tire blowout, not just the extent to which the rubber and steel wire were bonded.

Crate's education, experience, and training do not include studying or working in tire design or manufacturing.  He has undertaken no effort to specialize in tire analysis or chemistry. In fact, Crate has testified in this and other cases that his education and experience do not qualify him as an expert in tire manufacturing.  [Jon M. Crate Dep. 135:1-9, Doc. No. 58.]  Yet, Crate proposes to testify that the amount of adhesion, or lack thereof, between the rubber and steel wires in the tire actually caused the tread to separate and resulted in a blowout.

Such a proposal highlights the fatal shortcomings of Crate's qualifications with respect to his proposed expert testimony.  Even if his education and experience as a polymer scientist qualified him to talk about the level of adhesion between the rubber and the

6

steel wires, he is not necessarily qualified to opine about what level of adhesion is indicative of a defect in the tire itself. Crate admits that he lacks specific knowledge of tire chemistry and, consequently, lacks the "specialized knowledge" in that regard to assist the jurors in deciding whether the tread separation was caused by the amount of adhesion between the rubber and steel wires. See Kuhmo Tire Co., 526 U.S. at 156 (1999). In other words, the fact that he might be able to tell whether two materials were bonded does not mean, without any particular training or experience in tire manufacturing or design, he can say that the level of adhesion present between the rubber and steel wire in the plaintiffs' tire would cause tread separation and the resulting blowout.

The plaintiffs attempt to get around Crate's admitted lack of training or experience in tire manufacturing or design by asserting that he has gained knowledge of tire failure through reviewing numerous articles that support his analysis. However, Crate's own deposition testimony belies that argument when he admits that he is not aware of any literature or scientific studies supporting his theory that the tread separated due to presence of bare wire. [Jon M. Crate Dep. 325:18-326:25, Doc. No. 58.]

In a Cooper Tire & Rubber Co. v. Mendez, 204 S.W.3d 797 (Tex. 2006), a matter before the Texas Supreme Court with facts nearly identical to this case, Crate rendered expert testimony about the

7

cause of tire tread separation due to wax contamination.  There, Crate testified that wax adversely affected adhesion between the belt and tread but, similar to his proposed testimony in this case, Crate could not determine the amount of wax needed to cause tread separation.  Id. at 806.  Nevertheless, his testimony in that case was that wax contamination amounted to a tire defect causing separation.  In view of his general background in polymer science, but complete lack of "specialized experience in tire chemistry," the Texas Supreme Court concluded that Crate should never have been qualified as an expert.  Id. at 806-807 ("[W]ithout more specialized education, training, or experience in tire chemistry, Crate was not qualified to testify on the subject of wax migration and contamination in tires and their effect on tire adhesion.").

In this case, Crate's proposed expert testimony exceeds any expertise he may have.  Without specialized training, education, or experience in tire design or manufacturing, Crate is not qualified to render expert testimony on the cause of an alleged tire defect. Because this court has concluded that Crate is unqualified, it is unnecessary to discuss the remaining parts of the Daubert inquiry.

**MOTION FOR SUMMARY JUDGMENT**

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any

8

material fact and that the moving party is entitled to judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing that the nonmoving party has failed to present evidence in support of some element of his or her claim on which he or she bears the ultimate burden of proof. Id. at 322-23. Once the moving party has met its burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Id. at 324. Rule 56(c) mandates the entry of summary judgment against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Id. at 322.

The plaintiffs assert that a tire defect caused the blowout and that the blowout caused the accident. However, without their expert witness, the plaintiffs have no evidence in support of blowout causation. Without any evidence sufficient to establish the existence of that essential element of their case, the plaintiffs' claims cannot survive.

Although the defendants raise a competing theory of rollover causation, i.e., detachment of the right front wheel assembly, this

court does not consider that argument here. The focus of this court's inquiry on a motion for summary judgment is whether the non-movant has made a showing sufficient to establish the existence of an element essential to their case. Here, the plaintiffs' case alleges that the rollover was caused by a blowout and that the blowout was caused by a defect. Thus, blowout causation is the first element essential to this case.

This court views the facts and inferences in a light favorable to the plaintiffs when determining whether the plaintiffs have made a sufficient showing of blowout causation. The only evidence presented by the plaintiffs in support of the blowout causation element is the expert witness, Jon M. Crate. However, since this court has concluded that Crate is not qualified to testify as an expert on the cause of the tire blowout, the plaintiffs are left with no other evidence in support of the first essential element of their case. Therefore, this court need not examine whether there is evidence sufficient to establish the existence of the second element, rollover causation.

Even if the rollover were caused by the blowout, there is nothing showing that the defendants, through a manufacturing, design, or other defect, caused the tire to suffer a blowout. Just because a blowout occurred does not make the manufacturers liable. The plaintiffs allege that the defendants are responsible for their injuries because the right rear tire had a defect. However,

10

without their only witness tending to show the existence of a defect, the plaintiffs have no evidence in support of that claim. Therefore, summary judgment against the plaintiffs is warranted on all counts.

**MOTION TO STRIKE**

In light of this court's decision to grant summary judgment because the plaintiffs have failed to make a showing of any evidence sufficient to establish the causation of the tire blowout, this court need not decide whether to strike the police accident report as evidence showing causation of the rollover.[1] Accordingly, the defendants' motion is dismissed.

**CONCLUSION**

For the foregoing reasons, the defendants' Motion to Exclude the Testimony of Jon M. Crate [Doc. No. 47] is GRANTED; the Motion for Summary Judgment [Doc. No. 48] is also GRANTED; and the Motion to Strike Plaintiffs' Exhibit [Doc. No. 63] is DISMISSED.

SO ORDERED, this 5TH day of June, 2007.

ROBERT L. VINING, JR.
Senior United States District Judge

---

[1]Even if there were sufficient evidence tending to show blowout causation, this court seriously doubts that, without any other corroborating evidence, a police accident report alone would be sufficient to establish proximate cause of an accident.